

**SO ORDERED.**

**SIGNED this 03 day of November, 2011.**

_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

Not for on-line use or print publication.
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| BROOKE CORPORATION, et. al., | CASE NO. 08-22786 (jointly administered) |
| DEBTORS. | CHAPTER 7 |
| ALBERT A. RIEDERER, Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc., | |
| PLAINTIFF, | |
| v. | ADV. NO. 10-06179 |
| RANDANN INSURANCE SERV. INC., et. al., | |
| DEFENDANTS. | |

**MEMORANDUM OPINION AND ORDER DENYING
FAUSTO R. BUCHELI, JR.'S AND BUCHELI INSURANCE AGENCY, INC.'S
MOTION TO DISMISS**

In this adversary proceeding the Chapter 7 Trustee of Debtors Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. (hereafter collectively "Debtors") seeks to recover from defendants (insurance agencies and/or agents franchisees of Brooke) agent statement balances and other similar obligations allegedly owed by the agents to the bankruptcy estates. The matter under advisement is the motion to dismiss for failure to state a claim upon which relief may be granted (hereafter "Motion") filed by Defendants Fausto R. Bucheli, Jr. and Bucheli Insurance Agency, Inc. (hereafter "Defendants"), Brooke franchisees. The Trustee opposes the Motion and, in the alternative, seeks leave to amend the Complaint, if the Motion is granted.

Other than the identities of the defendants, the Complaint in this case is identical to the Complaint in Case No. 10-06163, *Riederer v. Nick Hammer Agency Inc., et al.*, in which defendant Turney & Son, Inc. moved to dismiss for failure to state a claim on which relief may be granted, and Case No. 10-06169, *Riederer v. Insurance Resources Group Inc.*, in which defendant WLM Management Group, Inc. also moved to dismiss for failure to state a claim. The Court denied both motions. The Motion and arguments filed in this case are similar, but not identical to those in Case Nos. 10-06163 and 10-06169. However, the applicable standard for ruling on the Motion and the allegations of the Complaint are identical. The Court therefore adopts to following portions of the Memorandum Opinion and Order filed in Case No. 10-06163:

> **APPLICABLE STANDARD.**
>
> Defendant moves to dismiss pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure and provides for dismissal for "failure to state a claim upon which relief can be granted." Such a motion tests the sufficiency of the factual allegations of the complaint. The pleading standard established by

2

the Supreme Court in *Twombly*[1] and *Iqbal* [2] is easily stated. "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[3] "Factual allegations must be enough to raise a right to relief above the speculative level."[4] Plausibility has been construed by the Tenth Circuit as not meaning "likely to be true" but as to referring to the scope of the allegations in a complaint.[5] They "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[6] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claims against them."[7] "In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense."[8]

**THE CLAIMS ASSERTED IN THE COMPLAINT.**

The claims for recovery against Defendant are based upon Brooke's business practices with its insurance franchisees. The Trustee alleges that Brooke controlled most of the cash flows for its franchise agencies, and its business practice was to pay most of the operating expenses for its agents, including rent and loan payments. Brooke then charged these payments (along with the percentage of ongoing commission revenues and or recurring

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[3] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), (quoting *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949 (relying on *Twombly* to support statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

[4] *Twombly*, 550 U.S. at 555.

[5] *Robbins,* 519 F.3d at 1247.

[6] *Id*.

[7] *Id.*, at 1248.

[8] *Iqbal,* 556 U.S. at ___, 129 S.Ct. at 1950; *Fifth Third Bank v. Brooke Holdings, Inc.*, 2011 WL 1337093 (D. Kan. case No. 10-2294, April 7, 2011).

3

franchise fees) to the agent's monthly statements as offsets to the commission revenues earned. When, as in many cases, the commission revenues where not sufficient to cover the costs, Brooke absorbed the costs or advanced funds to the agent to cover them and recorded them in the agent statement balance accounts. In this action, the Trustee seeks to recover the agent statement balances and other similar obligations owed by Defendant to the bankruptcy estates.

The Complaint alleges five counts to recover these advances: Count I - action on account; Count II - action for money had and received; Count III - action for unjust enrichment; Count IV - constructive fraudulent conveyance; and Count V - recovery of avoided transfers.[9]

**ANALYSIS OF ARGUMENTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS.**

First, Defendants argue that the Complaint "does not allege that the Bucheli defendants' commissions were ever insufficient to cover its expenses."[10] The Court rejected this same argument when made by Turney & Son, stating:

> Defendant argues that a claim on which relief may be granted has not been pleaded with respect to recovery of the account balances because there is no allegation Defendant's account balances were insufficient to pay the loan and operating expenses advanced by Debtors. The Court finds the allegations are sufficient. The only plausible inference to be drawn from the allegations of paragraphs 45, 46, and 47 of the Complaint is that the statement balances and other similar obligations of agents did not arise unless the commissions were insufficient to cover the advances.

For the same reasons, the Court rejects the same argument in this case.

---

[9] The Complaint also prays in Count VI that defendants' proofs of claim be disallowed until such time as the respective defendants satisfy their obligations to the estates and in Count VII, to the extent that the defendants have valid claims, that such amounts be set off against the obligations the defendants have under the Complaint. Defendant makes no arguments regarding dismissal of these counts.

[10] Dkt. No. 78, p. 2.

4

Second, Defendants argue that the "Complaint merely recites the elements of the causes of action without necessary supporting factual allegations."[11] The Court rejected a similar argument when made by Turney & Son, stating:

> . . . In this bankruptcy case, as reflected in the Order Granting Trustee's Omnibus Procedures Motion with Respect to Category B, C-1, and C-2 Complaints (hereafter "Omnibus Procedure Order")[12] applicable to 32 adversary proceedings, including this proceeding, the Court has sanctioned the Trustee's providing critical transfer information with respect to alleged transfers sought to be recovered under Chapter 5 of the Bankruptcy Code by documentation, rather than by the allegations in the complaints. With respect to claims to recover allegedly fraudulent transfers, the Trustee, on or before the deadlines stated in the order, must provide the following critical information:
>
>> Disclosures with respect to the specific individual elements of the fraudulent transfer allegations in his Complaints for each defendant, including the tracing of the transfers through Brooke entities to demonstrate that a debtor entity had an interest in the funds transferred, but not including information with respect to the issue of insolvency.[13]
>
> Arguably, under *Twombly* and *Iqbal*, Chapter 5 Complaints lacking such critical information would be subject to dismissal for failure to state a claim. However, the Omnibus Procedures Order, which is essentially an agreement on the procedures applicable to the adversary proceedings negotiated by the Trustee and the many defendants, implicitly modifies the pleading standards in these cases.
>
> In this proceeding, Counts IV and V of the Complaint (the fraudulent transfer claims) are Chapter 5 claims. The Trustee has a duty pursuant to the Omnibus Procedure Order to provide the critical information about these claims. Counts I, II, and III of the

---

[11] *Id*.

[12] Case no. 08-22786, dkt. no. 1952. The Complaint in this case is Category B.

[13] *Id*. at p. 5.

5

> Complaint seek to recover the same funds as are the subject of Counts IV and V. Therefore, to the extent there could be deficiencies in the factual allegations of Counts I, II, and III, such as the identity of the Debtor entitled to recover the statement balances, the Omnibus Procedure Order provides for curing the lack of information.[14] The *Twombly/Iqbal* purpose of providing notice would not be served by granting the Motion to dismiss.[15]

This foregoing is applicable here.

Third, Defendants argue that the "Trustee's use of the generic 'Brooke' does not satisfy the pleading requirements of Fed. R. Civ. P. 8 or Bankruptcy Rule 7008,"[16] which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The focus of this argument is the fact that the factual allegations of the Complaint refer to Brooke, defined to mean all Brooke entities, when the Debtors, who filed the Complaint, is a much smaller subset consisting of only three of those entities. This argument is similar to the central argument presented by Turney & Son, which the Court has rejected. The Court found that the critical information which the Trustee is required to provide pursuant to the Omnibus Procedures Motion cures any pleading deficiency regarding the identity of the Brooke entity alleged to be entitled to relief. That reasoning applies equally to this case.

---

[14] The Court recognizes that the Omnibus Procedures Order provides the "Trustee's disclosures shall not prejudice any defendant from filing a motion to dismiss for failure to plead with specificity. However, no defendant may file such a motion until after the Trustee's disclosures have been made." Case no. 08-22786, dkt. no.1952, p. 6. The Court construes this statement to permit the filing of a motion. It does not state that the Court cannot consider the disclosures required by the Omnibus Procedures Order when ruling on such a motion.

[15] The parties' memoranda do not make reference to the Omnibus Procedure Order. The Court has not been informed of the critical information provided, but assumes it includes the factual data defined as critical information in the Omnibus Procedure Order.

[16] Dkt. 78, p. 3.

Finally, the Court finds in this case, as it did when denying the motion to dismiss of Turney & Son, that the allegations regarding the insolvency of the Debtors have passed over the line from speculative to plausible given the detailed allegations concerning the insolvency and business practices of Brooke.

**CONCLUSION.**

For the foregoing reasons, the Defendants Fausto R. Bucheli, Jr. and Bucheli Insurance Agency, Inc.'s Motion to Dismiss for failure to state a claim is denied.

**IT IS SO ORDERED.**

###

7

Case 10-06179   Doc# 113   Filed 11/03/11   Page 7 of 7