**SO ORDERED.**

**SIGNED this 24th day of June, 2013.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge
_____

Designated for on-line use but not print publication
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In Re: <br><br> **BROOKE CORPORATION, et al.,** <br><br>          DEBTORS. | CASE NO.  08-22786 <br> CHAPTER 7 |
| **CHRISTOPHER J. REDMOND,** Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation (f/k/a Brooke Franchise Corporation), and Brooke Investments, Inc. <br>          PLAINTIFF, <br><br> v. <br><br> **BUCHELI INSURANCE AGENCY, INC., et al.,** <br><br>          DEFENDANTS. | ADV. NO.  10-6179 |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Fausto R. Bucheli, Jr., Bucheli Insurance Agency, Inc., and Hosford

Insurance Agency, Inc., move to dismiss the Plaintiff-Trustee's Second Amended Complaint based upon an arbitration provision in the franchise agreements between the two agency defendants and Debtor Brooke Capital Corporation, formerly known as Brooke Franchise Corporation. Christopher J. Redmond, the Chapter 7 Trustee for Debtors, opposes the motion. The matter is submitted to the Court based upon the briefs[1] and without argument or a hearing. After due consideration, the Court denies the motion.

**BACKGROUND FACTS.**

Prior to the Brooke bankruptcies, defendants Bucheli Insurance Agency, Inc., and Hosford Insurance Agency, Inc. (the Agency Defendants) were Brooke-franchised insurance agencies. Both signed franchise agreements with Brooke Capital Corporation. Each of those agreements included an arbitration provision; the provisions differ in some minor ways but, for present purposes, their substance is the same. The one in the Hosford Insurance Agency franchise agreement reads:

> Any and all issues, claims, disputes or controversies arising out of or in connection with or relating to the Franchise Agreement (including any exhibits, addenda or other document executed in connection herewith) and/or the relationship of the parties and which the parties are not able to resolve themselves by mediation, shall be submitted to binding arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules and applying Kansas law. . . . The parties agree to use arbitration to resolve such issue, claim or dispute in lieu of filing any

---

[1] Dkt. 186 (Memorandum in support of Defendants' motion); dkt. 189 (Trustee's brief in opposition to motion); and dkt. 192 (Defendants' reply).

lawsuits, complaints, charges or claims.[2]

In connection with each franchise agreement, Mr. Bucheli signed a guaranty agreement included in the franchise agreement document as a paragraph following the signature lines. These paragraphs are identical except the one for Hosford Insurance Agency describes Mr. Bucheli's ownership interest as being 25% or more. The paragraph in the Hosford Insurance Agency franchise agreement provides:

> We the undersigned, as individuals and owners, officers, directors and/or principals owning twenty-five percent (25%) or more of Franchisee, jointly and severally, agree (i) that each has read the terms and conditions of this Agreement; and (ii) each, to induce Brooke's execution of this Agreement and as a condition of the rights granted to Franchisee herein, guarantees the faithful performance of Franchisee to perform all duties and obligations set forth in this Agreement including without limitation the duty to pay any sum which Franchisee may become liable to pay Brooke by virtue of the foregoing agreement.[3]

The Debtors filed for bankruptcy relief under Chapter 11 in late October and early November 2008. On November 9, 2009, "Fausto Bucheli/Hosford Insurance/Bucheli Insurance Agency, Inc." filed a proof of claim for $1,105,663.18 based upon "Fraudulent inducement to enter into a loan; Unpaid commissions for 2008."[4] The attachments to the proof of claim include a copy of an invoice dated September 30, 2008, that was sent by

---

[2] Dkt. 189-3 at 23. The provision in the Bucheli Insurance Agency franchise agreement appears in Dkt. 189-2 at 21-22.

[3] Dkt. 189-3 at 24. The provision in the Bucheli Insurance Agency franchise agreement appears in Dkt. 189-2 at 22.

[4] Case 08-22786, claim 1184-1.

3

the American Arbitration Association to the attorney who filed the proof of claim. The invoice states it is about "Representing Bucheli Insurance Agency, Inc.; Re: Brooke Capital Corporation."

On October 25, 2010, the Trustee filed his Complaint against, among others, Bucheli Insurance Agency, Inc., and Mr. Bucheli (collectively the Initial Defendants). The Complaint was amended, but those amendments are not relevant to this controversy. The First Amended Complaint described the Brooke franchise operation and Brooke's maintenance of statement balances for each agency, which statement balances accounted for moneys advanced by Brooke to or on behalf of each agency in excess of the income attributable to the agency. Prepetition state law claims and postpetition causes of action under Chapter 5 of the Bankruptcy Code were alleged, seeking to recover the statement balances. As relevant to this opinion, the First Amended Complaint sought to recover two statement balances, one (number 861) for $10,543.55 was attributed to the Bucheli Insurance Agency and the other (number 723) for $1,105,663.18 was attributed to Mr. Bucheli individually.[5]

The Initial Defendants responded with a motion to dismiss for failure to state a claim upon which relief can be granted, based upon an alleged lack of specificity in the

---

[5] Dkt. 60.

4

First Amended Complaint.[6] The motion to dismiss was denied,[7] and an answer was filed.[8] There was no assertion in either the motion to dismiss or the answer that the claims were subject to an agreement to arbitrate.

On April 27, 2012, the Trustee served requests for admission, interrogatories, and requests for production of documents on the Initial Defendants. Responses were served on June 1, 2012, the Trustee discussed his concerns about the adequacy of the responses with counsel for the Initial Defendants, and in September 2012, revised responses were served. On October 4, 2012, the Initial Defendants served their first interrogatories and requests for production on the Trustee.

The Trustee subsequently discovered that the statement balance which he sought to recover from Mr. Bucheli (number 723) was the liability of the Hosford Insurance Agency, not Mr. Bucheli, and that Mr. Bucheli, the owner of the Hosford Insurance Agency, was liable as a guarantor of the agency's liability. On October 22, 2012, the Trustee moved to amend the First Amended Complaint to correct the misnomers and assert the proper claims against the proper defendants, by adding the Hosford Insurance Agency as a defendant as to statement 723 and alleging Mr. Bucheli's liability as a guarantor of that obligation.[9] The relevant claims in the Second Amended Complaint

---

[6] Dkt. 78.

[7] Dkt. 112.

[8] Dkt. 115.

[9] Dkt. 158.

5

were identical to those of the First Amended Compliant, with the exception of the addition of a cause of action against Mr. Bucheli as guarantor of the obligations of the Hosford Insurance Agency.

The Initial Defendants opposed the motion to amend as to Mr. Bucheli, but not as to the Hosford Insurance Agency.[10] They argued that the motion was untimely since it was filed almost two years after the adversary proceeding was initiated and that the amendment would prejudice Mr. Bucheli. A hearing was held on December 13, 2012. At the hearing, but not in their written submissions, the Initial Defendants argued that the delay had prejudiced their opportunity to raise the "defense" of the arbitration clause. At the conclusion of the hearing, the motion to amend was orally granted, and the amendments were declared to relate back to the date of filing of the original Complaint. The Trustee responded to the Initial Defendants' discovery on December 20, 2012. Also on December 20, 2012, Mr. Bucheli, the Trustee, and their counsel participated in informal mediation. The order granting the motion to file the Second Amended Complaint was filed on December 27, 2012.[11]

Defendants Mr. Bucheli, the Bucheli Insurance Agency, and the Hosford Insurance Agency (collectively Defendants) responded to the Second Amended Complaint with a motion to dismiss premised upon the arbitration clauses in the franchise agreements. This

---

[10] Dkt. 159.

[11] Dkt. 175.

6

second motion to dismiss is the subject of this memorandum.[12] One day after filing the motion, Defendant Hosford Insurance Agency filed a proof of claim for $1,125,000 based upon breach of the franchise agreement and a buyer assistance program.[13]

**DISCUSSION.**

**A. The parties' positions.**

Defendants' motion is straightforward. They assert that the mandatory arbitration clauses in the franchise agreements apply to all of the claims in the Second Amended Complaint. They assert that arbitration is favored and there is no conflict between the Bankruptcy Code and arbitration in this case, since all of the claims asserted by the Trustee are essentially state law claims to collect amounts owed prepetition.

The Trustee responds with multiple and at times alternative arguments. According to the Trustee, (1) the claims against Mr. Bucheli are not subject to arbitration since there is no arbitration clause in the guaranty; (2) all Defendants have waived any right to compel arbitration on any of the claims; (3) the Trustee's claims under § 544 are not subject to arbitration; (4) the Court should exercise its discretion and refuse to enforce the arbitration agreement; and (5) even if arbitration is required, the case should be stayed pending arbitration, not dismissed.

Section 3 of the Federal Arbitration Act[14] provides that in any proceeding brought

---

[12] Dkt. 185.

[13] Case no. 08-22786, claim no. 1292-1.

[14] 9 U.S.C. § 3.

in the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had." Federal policy favors the enforcement of contractual arbitration agreements.[15] There is an inherent conflict between the policy of decentralization of litigation promoted by the Federal Arbitration Act and the goal of centralizing resolution of a debtor's affairs as reflected in the Bankruptcy Code.[16] Fortunately, Defendants' motion can be resolved without having to balance those competing policies.

> **B. The claim against Mr. Bucheli is not subject to arbitration because he is not a party to an agreement with Brooke containing an arbitration provision.**

Mr. Bucheli's motion to dismiss this proceeding in favor of arbitration can be resolved by contract principles. Parties to a written arbitration agreement and non-parties who are qualified by traditional principles of state contract law to enforce the written agreement are entitled to enforce the agreement under § 3 of the Federal Arbitration Act.[17] Mr. Bucheli relies upon the principle of incorporation by reference, a state law contract principle applicable under § 3,[18] as the basis for his assertion that the claim against him as the guarantor of the debts of Hosford Insurance Agency is subject to an agreement to

---

[15] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

[16] See 8 William L. Norton, Jr., and William L. Norton III, *Norton Bankruptcy Law & Practice 3d*, § 169:4 at 169-10 to 169-11 (Thomson Reuters 2013).

[17] *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009).

[18] *Id*. at 631.

8

arbitrate.

But the plain language of the guaranty agreement, quoted above, shows that this reliance is misplaced. Although the guaranty refers to the franchise agreement, there is no language of incorporation. In the guaranty agreement, Mr. Bucheli recites that he read the franchise agreement and "guarantees the faithful performance of the Franchisee to perform all duties and obligations set forth in this Agreement." He does not state that he agrees to be bound personally by the franchise agreement.

The guaranty agreement is similar to that in *Grundstad v. Ritt*,[19] where the court held that a guarantor did not bind himself to the arbitration clause in the contract under an incorporation by reference theory. The *Grundstad* guaranty, like Mr. Bucheli's, was very brief and appeared on the final page of the agreement, immediately beneath the signatures of representatives of the contracting parties, International Vending and Atlantic Associates. It provided: "We hereby guarantee all of the provisions of the within Agreement, and especially the performance of Atlantic hereunder. The 10th day of July, 1981."[20] The court held that the agreement and the guaranty language did not express the guarantor's intent to be bound by the arbitration clause in the agreement.[21]

In this case, the Court concludes that the references to the franchise agreement in the guaranty are not sufficient to establish Mr. Bucheli's status as a party to the arbitration

---

[19] 106 F.3d 201 (7th Cir. 1997).

[20] *Id*. at 203.

[21] *Id*. at 203-05.

provision in the franchise agreement. Therefore, even if the Bucheli Insurance Agency and the Hosford Insurance Agency, the Agency Defendants, have a contractual right to mandatory arbitration of the claims against them, the claims against Mr. Bucheli would not be included in the claims for which the Court would order arbitration.

### C. The Agency Defendants have waived their right to compel arbitration.

"Generally, the parties to a contract can agree to settle disputes arising thereunder by arbitration. . . . However, the right to arbitration, like any other contract right, can be waived."[22] What constitutes a waiver of the arbitration agreement depends upon the facts of each case.[23] In this case, the Trustee argues that the Agency Defendants' conduct during the litigation evidences a waiver, citing to the record of this proceeding. In response, the Agency Defendants also rely upon argument and the record. Neither party has submitted an affidavit addressing any factual matter and neither party has requested an evidentiary hearing. The burden of persuasion lies with the Trustee, who opposes arbitration.[24]

"Waiver of arbitration occurs in most cases when a party initiates litigation or participates in a lawsuit in violation of the arbitration agreement."[25] Although there is no

---

[22] *Reid Burton Constr., Inc., v. Carpenters Dist. Council of S. Colo.*, 614 F.2d 698, 702 (10th Cir. 1980).

[23] *Id.*

[24] *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 775 (10th Cir. 2010) (*citing Peterson v. Shearson/American Express, Inc.*, 849 F.2d 464, 466 (10th Cir. 1988)).

[25] 1 Martin Domke, Gabriel Wilner and Larry E. Edmonson, *Domke on Commercial Arbitration*, §23:10, available on Westlaw at DCMLARB § 23:10 (database updated May 2013).

10

set rule as to what constitutes a waiver, the Tenth Circuit in *Peterson*[26] summarized several relevant factors as follows:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.[27]

In *Hill v. Ricoh Americas*, the Tenth Circuit observed that "these [*Peterson*] factors reflect [four] principles that should guide courts in determining whether it is appropriate to deem that a party has waived its right to demand arbitration."[28] The first principle is that a party should not be permitted to demand arbitration when its conduct evidences a prior intentional relinquishment of a known right by conduct inconsistent with the right to arbitrate. An example is initially ignoring an opponent's effort to commence arbitration, but then moving to compel arbitration after the opponent files suit.[29] *Peterson* factors one and four may indicate intentional waiver. But a waiver is not limited to intentional

---

[26] *Peterson v. Shearson/American Express, Inc.*, 849 F.2d at 464.

[27] *Id*. at 467-68 (*quoting Reid Burton Constr. v. Carpenters Dist. Council*, 614 F.2d at 702).

[28] *Hill v. Ricoh Americas Corp.*, 603 F.3d at 773.

[29] *Id*. (*citing Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1005 (9th Cir. 2005)).

11

relinquishment of a known right, since it may arise from negligent as well as intentional conduct.[30] The second general principle in "assessing waiver is whether the party now seeking arbitration is improperly manipulating the judicial process."[31] *Peterson* factors two, three, and five should be considered. A third principle is "maintenance of the combined efficiency of the public and private dispute-resolution systems."[32] *Peterson* factors two, three, and five can be significant in deciding if a waiver should be found because of inefficiencies. "The final consideration in waiver analysis is prejudice to the party opposing arbitration — the sixth *Peterson* factor."[33]

    As to the first *Hill* principle, the Court finds that the Agency Defendants' actions are inconsistent with the right to arbitrate, and indicate an intentional waiver. The first actions considered are the filings of the proofs of claim. As pointed out by the Trustee, the filing of a proof of claim is a powerful act, sufficient to cause a waiver of a state's sovereign immunity[34] or a creditor's right to a jury trial.[35] By analogy, the filing of a proof of claim seeking bankruptcy court resolution of a claim against a debtor that is covered by a mandatory arbitration agreement, without seeking relief from stay to pursue

---

[30] *Id.*, 603 F.3d at 773.

[31] *Id.*

[32] *Id.* at 774.

[33] *Id.*

[34] *Gardner v. New Jersey*, 329 U.S. 565, 573-74 (1947).

[35] *Langenkamp v. Culp*, 498 U.S 42, 44-45 (1990).

Case 10-06179   Doc# 212   Filed 06/24/13   Page 12 of 18

the claim before an arbitrator or otherwise preserving the right to arbitrate, evidences a waiver of the agreement to arbitrate.[36] In this case, Defendants' first proof of claim was filed on November 9, 2009, more than a year before the adversary proceeding was filed. The creditors filing the claim are stated to be "Fausto Bucheli/Hosford Insurance/Bucheli Insurance Agency, Inc." The claim seeks to recover $1,105,663.18 as an unsecured claim.[37] No attempt was made to preserve arbitration rights.

In addition, after filing the motion to dismiss based upon enforcement of the arbitration clause, Defendant Hosford Insurance Agency on January 18, 2013, filed a proof of claim for $1,125,000 for "breach of franchise agreement and buyer assistance program."[38] Copies of the franchise agreement, the same franchise agreement containing the arbitration provision relied upon as the basis for the motion to dismiss, and the buyer assistance program are attached to the proof of claim. Each document includes a broad arbitration clause. The proof of claim makes no attempt to preserve the right to arbitrate. Although fully aware of the arbitration clause in the franchise agreement, Defendant Hosford Insurance Agency elected to invoke the jurisdiction of the Bankruptcy Court, rather than seeking to arbitrate its claim against Debtors. The claims bar date expired on

---

[36] *In re J.T. Moran Fin. Corp.*, 118 B.R. 233, 235-36 (Bankr. S.D.N.Y. 1990); *but see In re Mor-Ben Ins. Mkts. Corp.*, 73 B.R. 644, 647-49 (9th Cir. BAP 1987).

[37] Case no. 08-22786, claim no. 1184-1. The claim is for the same amount which the Trustee seeks to recover from the Hosford Insurance Agency and from Mr. Buchli as guarantor of that agency's obligations to Debtors.

[38] *Id.*, claim no. 1292-1.

November 9, 2009,[39] so the filing does not represent a realistic expectation of participating in the assets of the estate. But perhaps Defendant filed the claim so it could be asserted for the purpose of offsetting any liability of the Hosford Insurance Agency to Debtors as determined in the pending adversary proceeding, which would also reduce the personal liability of Mr. Bucheli as guarantor.[40] From this perspective, the filing would function as a counterclaim. "Advancing a counterclaim in a court action may be considered a waiver of arbitration."[41]

The Court finds that Defendants' participation in this litigation for more than two years before seeking arbitration is also inconsistent with intent to enforce the arbitration clauses. After the Complaint was filed, the Initial Defendants filed a motion to dismiss, but did not mention the arbitration clauses. After the motion was denied, the Initial Defendants filed an answer which did not mention arbitration. The Initial Defendants opposed the Trustee's motion to file a Second Amended Complaint, but when doing so, did not mention the arbitration clauses.[42] Defendants have participated in discovery.

As to the second *Hill* principle, the Court finds that the circumstances suggest Defendants are attempting to manipulate the judicial process. Defendants engaged in

---

[39] See Case no. 08-22786, dkt. 767.

[40] See Dkt. 177, Second Amended Complaint, Count VII — Set-Off).

[41] 1 *Domke on Commercial Arbitration*, §23:16.

[42] At oral argument on the Trustee's motion to file the Second Amended Complaint, counsel for the Initial Defendants asserted that they were prejudiced by the Trustee's delay in seeking to amend the Amended Complaint because it caused Defendants to delay attempting to compel arbitration. Dkt. 205, Tr. Dec. 13, 2012 at 13-14 & 19.

litigation of the adversary proceeding for more than two years before raising the issue of arbitration by filing the motion to dismiss.  They did not file the motion until after the Court granted the Trustee's motion to filed the Second Amended Complaint, which includes the claim against Mr. Bucheli under the guaranty.  Since Defendants did not oppose the addition of the Hosford Insurance Agency as a defendant but did oppose the amendment of the claim against Mr. Bucheli, the Court surmises that the Agency Defendants have few assets and that Mr. Bucheli has the "deep pockets."  While the Trustee was proceeding under the First Amended Complaint, which erroneously alleged Mr. Bucheli was liable as a party to a franchise agreement, Mr. Bucheli had a strong defense.  But that defense was removed by the granting of leave to file the Second Amended Complaint, which alleges Mr. Bucheli's liability as a guarantor.  Defendants waited to raise the arbitration issue until arbitration became an attractive defensive litigation tactic.

The third *Hill* principle is maintenance of the combined efficiency of the private and public dispute-resolution systems.  Here litigation procedures had been substantially invoked over a period of two years before arbitration was sought.  This case is one of many similar cases filed by the Trustee, and retaining the disputes in the bankruptcy forum should provide economies to the estate.  Inefficiencies would result if arbitration were ordered.

As to the fourth *Hill* principle, although the prejudice to the Trustee from ordering arbitration would not be overwhelming, the Trustee has an interest in maintaining the

15

action in this Court, where other similar cases are pending. Time and effort has been invested in the litigation and discovery. It would be prejudicial to require the Trustee to change forums and likely face a new series of procedural challenges to his pursuit of the claims.

Defendants' primary defense to a finding of waiver is the argument that they were unaware that the franchise agreements provided the basis for the Trustee's claims until his reliance on the franchise agreements was disclosed by the Trustee on October 1, 2012, when his counsel sent a copy of the franchise agreement containing Mr. Bucheli's guaranty to counsel for the Initial Defendants.[43] The Court finds this position is not credible. The attachments to the 2009 proof of claim filed by creditors "Fausto Bucheli/Hosford Insurance/Bucheli Insurance Agency, Inc.," include a copy of an invoice dated September 30, 2008, from the American Arbitration Association sent to the attorney who filed the proof of claim. The invoice states it is about "Representing Bucheli Insurance Agency, Inc.; Re: Brooke Capital Corporation." Moreover, any attorney reading the Complaint filed in this case by the Trustee on October 25, 2010, would surmise that the franchise agreements are the basis for the claims against the Initial Defendants. The Agency Defendants should have had copies of the franchise agreements, which were the basis for their entire insurance business with Brooke, but if they did not, one would think that they would have requested them from the Trustee early in the

---

[43] See Dkt. 159-1.

16

litigation.

For the foregoing reasons, the Court finds that the Agency Defendants waived their contractual right to compel arbitration of their disputes with Brooke Capital Corporation.

### D. The Trustee's postpetition causes of action alleged in Counts IV, V, VI, and VII are not subject to arbitration.

A bankruptcy trustee, when stepping into the shoes of the debtor and asserting prepetition claims of the debtor, is subject to the same defenses as the debtor, including an agreement between the debtor and the defendants to arbitrate disputes.[44] However, when the trustee asserts claims which are unique to the trustee and not derivative of the debtor, this analysis does not apply. Neither the Trustee nor the creditors on whose behalf the claims are brought were parties to the prepetition agreements to arbitrate. "[T]here is no justification for binding creditors to an arbitration clause with respect to claims that are not derivative from one who was a party to it."[45] "[C]ore bankruptcy claims or causes of action arising under federal bankruptcy rights asserted by the trustee on the collective behalf of the creditors of the bankruptcy estate will, absent extraordinary circumstances, be adjudicated by the bankruptcy court, and a motion to compel the arbitration of such claims will be denied."[46]

---

[44] *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1153-55 (3rd Cir. 1989).

[45] *Id*. at 1155.

[46] 8 *Norton Bankruptcy Law & Practice 3d*, § 169:4 at 169-33.

Counts IV, V, VI and VII of the Second Amended Complaint are for recovery of constructive fraudulent conveyances under § 548(a)(1)(B) and state law, recovery of avoided transfers under § 550 and state law, disallowance of proofs of claim under § 502(d), and setoff. To the extent that these claims arose postpetition and are independent of Debtors' prepetition causes of action, the arbitration agreements in the franchise agreements are not applicable. Even if there were no waiver of the agreement to arbitrate, the Court would deny the motion as to these claims.

**CONCLUSION.**

For the foregoing reasons, Defendants' motion to dismiss based upon the arbitration provisions included in the franchise agreements between the Agency Defendants and Brooke Capital Corporation is denied. Mr. Bucheli's liability is predicated upon a guaranty agreement which does not contain or incorporate an agreement to arbitrate. Defendants Bucheli Insurance Agency and Hosford Insurance Agency have waived their right to enforce the arbitration provisions in their respective franchise agreements with Brooke Capital Corporation. And if there were no waiver, such agreements would apply only to the prepetition state law claims asserted by the Trustee and would not provide a basis to dismiss or to stay the claims asserted by the Trustee which arise under Chapter 5 of the Bankruptcy Code.

**IT IS SO ORDERED.**

# # #